# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 7 Proceeding |
| | ) |
| MARKET SQUARE RESTAURANT, INC., | ) Case No.: 20-05532 |
| | ) |
| | ) Hon. A. Jacqueline P. Cox |
| Debtor. | ) |
| | ) |

## NOTICE OF MOTION

Please Be Advised that on March 31, 2020, at 1:00 p.m., Lynn Plaza, LLC will appear telephonically by counsel before the Honorable Jacqueline P. Cox or any judge presiding in her stead at 219 S. Dearborn Street, Chicago, Illinois and shall present a Motion for Relief from Stay on behalf of Lynn Plaza, LLC, a copy of which motion is attached.

All parties wishing to be heard must appear telephonically as set forth in the Amended General Order No. 20-03 issued by the Chief Judge on March 19, 2020.

Any party who objects to the motion and wants it called must file a Notice of Objection no later than two (2) business days before the presentment date.

                Respectfully submitted,

                LYNN PLAZA, LLC

                By: /s/ Gregory J. Jordan
                     One of Its Attorneys

Gregory J. Jordan (ARDC# 6205510)
Mark Zito (ARDC# 6276231)
Jordan & Zito LLC.
55 West Monroe Street, Suite 3600
Chicago, Illinois 60603
(312) 854-7181

COUNSEL FOR LYNN PLAZA, LLC

## CERTIFICATE OF SERVICE

  I, Gregory J. Jordan, certify that under Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Local Bankruptcy Rule 9013-3(D), as amended by Amended General Order No. 20-03, service of the attached Motion for Relief from Stay on behalf of Lynn Plaza, LLC on all persons identified as Registrants on the appended service list was accomplished through the Court's Electronic Notice for Registrants before 5:00 p.m. on March 20, 2020 and, as to all other persons on the attached service list, I caused a copy to be sent First Class Mail, as indicated, before 5:00 p.m. on March 20, 2020.

                /s/ Gregory J. Jordan

| **Mail Service List** ||
|---|---|
| Market Square Restaurant, Inc.<br>c/o Sam Pappas<br>P.O. Box 7321<br>Prospect Heights, IL 60070 | |
| **Electronic Service List** ||
| Deborah Kanner Ebner, Chapter 7 Trustee | dke@trustesolutions.net<br>IL53@ecfcbis.com<br>webmaster@debnertrustee.com<br>lizd@deborahebnerlaw.com |
| Patrick S Layng<br>Office of the U.S. Trustee, Region 11 | USTPRegion11.ES.ECF@usdoj.gov |
| David M Siegel on behalf of Debtor 1 Market Square Restaurant, Inc. | davidsiegelbk@gmail.com<br>R41057@notify.bestcase.com<br>johnellmannlaw@gmail.com |

#### IN THE UNITED STATES BANKRUPTCY COURT
#### FOR THE NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Proceeding |
| | ) | |
| MARKET SQUARE RESTAURANT, INC., | ) ) | Case No.: 20-05532 |
| | ) | |
| | ) | Hon. A. Jacqueline P. Cox |
| Debtor. | ) | |

### MOTION FOR RELIEF FROM STAY

Lynn Plaza, LLC (the "Movant"), which is a creditor of the debtor, Market Square Restaurant, Inc., (the "Debtor"), in the above-captioned bankruptcy case, moves under Section 362(d)(1) of the United States Bankruptcy Code (11 U.S.C. §101 *et seq*., hereinafter the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (hereinafter the "Bankruptcy Rules") for an order modifying the automatic stay to permit Movant to exercise any and all of its rights and remedies available to complete the pending forcible entry and detainer lawsuit and take possession of the Leased Premises located at 4189 Grove Avenue, Gurnee, Illinois.  In support of this motion, the Movant respectfully represents as follows:

### I.    JURISDICTION

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 28, 2020 (the "Petition Date").  The Debtor's filing of the voluntary petition operated as an automatic stay against Movant's right to recover possession of the Leased Premises from the Debtor.

2. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue of this proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the requested relief are §§ 362(d) and 105(a) of the Bankruptcy Code.

6. The Office of the United States Trustee appointed Deborah Ebner to serve as the Chapter 7 Trustee in the Debtor's bankruptcy case (the "Trustee"). The Bankruptcy Code §341(a) Meeting of Creditors has not been held.

## II. BACKGROUND

7. The Movant is an Illinois liability company and has been at all times herein mentioned, authorized to transact business in Illinois.

8. The Movant owns the Lynn Plaza Shopping Center located in Wheeling, Illinois, County of Cook located at 600 West Dundee Road, Wheeling, Illinois in Cook County.

9. The Debtor is an Illinois corporation.

10. As indicated below, in 2014, when the Movant initiated litigation against the Debtor, who at the time operated under the name, Uncle Tom's Inc.

11. The Debtor in 2015 changed its name to Market Square Restaurant, Inc.

## III. THE GROUND LEASE

12. Before the termination of the Ground Lease by notice, the Debtor did business through a commercial "Ground Lease," which the Movant has attached as Exhibit A ("the Ground Lease"). Under the Ground Lease, the Debtor leased approximately 15,613 square feet of space located in the Lynn Plaza Shopping Center and situated at the northeast corner of West Dundee and McHenry Road, Wheeling, Illinois ("the Leased Premises").

13. The Debtor initially occupied the Leased Premises on March 2, 1978, under the Ground Lease.

14. In late 1978, Lynn Plaza Shopping Center purchased the Lynn Plaza and obtained an assignment of all leases, including the Ground Lease.

15. § 1 of the Ground Lease, titled, "Demised Descriptions and Use of Premises," specifies that the Debtor's use of the Leased Premises is "for the purposes of conducting thereon a restaurant and liquor lounge business and for no other purpose." Lease, Section 1.

### IV. MONETARY DEFAULT

16. § 3 of the Ground Lease (page 1 thereof) requires that the Debtor pay the monthly rent on the first day of each month.

17. The Debtor exercised an option to extend the term of the Ground Lease; however, the parties could not reach an agreement on "a fair rent" under Section 35 of the Ground Lease (page 30 thereof). Instead, the parties agreed that pending a determination of the "fair rent" for the Option Period, the Debtor would pay gross rent of $5,500 per month. The Movant has attached as Exhibit B a copy of a December 5, 2013 Agreed Order in Case No. 2011 CH 39924.

18. Despite the Debtor's agreement to pay use and occupancy, the Debtor failed to pay the agreed monthly gross rent for January and February 2020.

19. Plaintiff issued to the Debtor the "Landlord's Fifteen Day Notice," which the Movant has attached as Exhibit C on February 3, 2020.

20. Following receipt of the Landlord's Fifteen Day Notice, the Debtor failed to pay Plaintiff the outstanding and overdue rent demanded in the notice with fifteen days.

21. As a result of the Debtor's failure to pay the monthly gross rent due, the Ground Lease terminated. *See*, *Matter of Williams*, 144 F.3d 544, 547 (7th Cir. 1998)

22. By an Amended Verified Complaint in Forcible Entry and Detainer filed in the Cook County Circuit Court in case number 2014 CH 709886, the Movant sought relief *inter alia* as a result of the Debtor's failure to pay for use and occupancy of the Leased Premises.

### V.  THE DEBTOR HAS BEEN ABUSING THE LEGAL SYSTEM FOR MANY YEARS.

23. In March 2014, the Debtor began using or allowing to be used, a portion of the Leased Premises for gambling purposes in violation of the terms of the Ground Lease.

24. The Debtor breached its obligations under the terms of the Ground Lease by allowing the Leased Premises to be used for a purpose in violation of Section 1 of the Ground Lease requiring that the Leased Premises be used "for the purposes of conducting thereon a restaurant and liquor lounge business and for no other purpose."

25. More specifically, the Debtor segregated a section of the Leased Premises for gambling operations, where five video gaming terminals have been installed and are being used by the public for gambling.

26. The Movant delivered the required 30-day notice of default to the Debtor on March 27, 2014 demanding that the Debtor cease using any portion of the Leased Premises for gaming. The Debtor has failed to do so. The Movant has attached its notice as Exhibit D.

27. As a result of the Debtor's default, the Movant filed the above-referenced lawsuit.

28. Through various legal machinations, the Debtor has delayed a final ruling concerning its operation of gambling operations in violation of the parties' lease.

### VI.  UNAUTHORIZED SUBLEASE OR ASSIGNMENT

29. Section 8(c) of the Ground Lease (page 5 thereof) provides that "Lessee may not sublet the [Leased P]remises in whole or in part without Lessor's consent . . ."

30. Section 8(c) of the Ground Lease further provides that "Lessee shall not assign or transfer this [L]ease, or any interest herein, without the prior written consent of the Lessor . . ."

31. On approximately January 7, 2013, and without Plaintiff's consent, the Debtor entered into that certain "Exclusive Location Agreement" with Leisure Time Gaming & Amusements, Inc. ("LTGA"). The Movant has attached the Exclusive Location Agreement as Exhibit E.

32. The Exclusive Location Agreement grants LTGA the "exclusive" right to the placement and operation of five video gaming terminals ("VGTs") and a payout device at a specific "Location" within a portion of the Leased Premises, defined in the Exclusive Location Agreement as "Market Square Restaurant, located at 600 W. Dundee Rd., Wheeling, Illinois."

33. More specifically, the Exclusive Location Agreement grants to LTGA, and requires that the Debtor provide a specific "gaming area," which must be "a secure premises for the placement, operation and play of VGTs . . .," and to "provide [LTGA] access to the premises at all times during [the Debtor's] business hours . . ." for a "Term" defined therein to be at least five years (subject to the right of renewal for additional five-year terms).

34. LTGA, not the Debtor, operates the video gaming business conducted in the Leased Premises.

35. By having agreed to the terms of the Exclusive Location Agreement, the Debtor has either entered into a sublease with LTGA or the Debtor has assigned part of its interest under the Ground Lease to LTGA without Plaintiff's consent in breach of the parties' Lease.

36. The Movant delivered the required 30-day notice of default to the Debtor on April 7, 2014 demanding that the Debtor terminate its sublease. Despite the Debtor's receipt of notice, the Debtor failed to terminate the sublease.

### VII. RELIEF REQUESTED

37. By this motion, and under section 362(d)(1) and (d)(2) of the Bankruptcy Code, the Movant respectfully requests this Court enter an order modifying the automatic stay to permit the Movant to exercise all of its rights and remedies available to it to pursue its rights to obtain possession of the Leased Premises under to Illinois law.

38. The Movant does not seek to enforce its money judgment other than in this bankruptcy case.

39. Since the Petition Date, no party, including the Debtor and the Trustee, has paid any sums to the Movant.

40. On information and belief, neither the Debtor nor the Trustee has removed spoiling food products from the restaurant on the Leased Premises, which has created a health and safety issue.

41. The deprivation of possession of the property is causing the Movant to lose its economic use value of the Leased Premises.

### VIII. BASIS FOR RELIEF

42. Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1).

43. Section 362(d)(2) of the Bankruptcy Code provides that relief from the automatic stay must be granted if the debtor: (a) has no equity in the Leased Premises; and (b) the Leased Premises is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2).

44. This motion meets both statutory requirements.

45. The Debtor has defaulted in the payment of rent to Movant. Because of the payment default, the Movant is not receiving any payment for the use of the Leased Premises. The denial of use of the Leased Premises in which the Debtor and its estate have no interest is proper cause for granting relief from the automatic stay.

46. The Debtor owes the Movant, as of the Petition Date, the Debtor owed $11,000.00 in past due rent.

47. The Debtor does not have equity in the Leased Premises, since the Debtor has no interest in the fee estate, including no possessory interest.

48. The Leased Premises are not necessary to an effective reorganization. There is no prospect for reorganization since the Debtor filed a petition under Chapter 7 of the Bankruptcy Code.

49. As a result of both the financial and health issues, good cause for the modifying of the stay exists under Section 362(d)(1) to grant Movant relief from the automatic stay so it may pursue its right to take possession and re-let the Leased Premises.

50. As indicated in the schedules filed in this bankruptcy case, the Debtor does not possess any significant assets to satisfy the amounts owing to the Movant.

51. The continuation of the automatic stay of 11 U.S.C. §362(a) will lead to real and irreparable harm to Movant and will deprive Movant of the adequate protection to which it is entitled under 11 U.S.C. §§362 and 363, since (a) The Movant cannot use the Leased Premises due to filing this bankruptcy case, (b) the Movant cannot let the Leased Premises to another party, and (c) a health risk exists to the extent rotting food products are stored in the Leased Premises.

### IX. STAY RELIEF IS APPROPRIATE IN THIS CASE

52. The expiration of the term of the Ground Lease eliminates any rights the Debtor or the Trustee might have to use the Leased Premises. Due to the expiration of the term of the Ground Lease, the Movant has a right to recover possession. See, 735 ILCS. 5/9-102.

### X. WAIVER OF 10 DAY STAY

53. The Movant requests that the Court waive the requirements of Rule 4001(a)(3) regarding the ten (10) day stay of enforcement of an order granting relief from the automatic stay.

### XI. CONCLUSION

WHEREFORE, Lynn Plaza, LLC requests an order modifying the automatic stay to permit Lynn Plaza, LLC, to exercise all of its rights and remedies available to it and to pursue its right to possession under Illinois law and for such other and further relief as is just and proper.

>
> Respectfully submitted,
> **LYNN PLAZA, LLC**
>
> By: /s/ Gregory J. Jordan
> One of Its Attorneys

Gregory J. Jordan (ARDC# 6205510)
Mark Zito (ARDC# 6276231)
Jordan & Zito LLC.
55 West Monroe Street, Suite 3600
Chicago, Illinois 60603
(312) 854-7181

COUNSEL FOR LYNN PLAZA, LLC